# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.   ROOM 2042
NEWARK, NJ 07102
973-645-3827

**Not for Publication**

## LETTER OPINION AND ORDER

August 16, 2010

<u>VIA CM/ECF</u>
All counsel of record

Re:     *Norfolk Southern Railway Co. v. Emjay Environmental Recycling Ltd.*
        **10-1746 (SRC)**

Dear Counsel:

This matter comes before the Court upon Norfolk Southern Railway Co.'s ("Norfolk" or "Movant") motion to compel James Christie ("Christie"), a non-party, to appear for a deposition pursuant to a subpoena.  Non-parties Port Authority of New York and New Jersey ("Port Authority") and its wholly-owned subsidiary New York and New Jersey Rail LLC ("NYNJ") (collectively, "Respondents") filed a motion to quash the subpoena.  For the reasons set forth below, Norfolk's motion to compel is granted, subject to the conditions set forth below.  Respondents' motion to quash the subpoena is denied.

I.     <u>Background</u>

The motions currently pending before this Court arise from litigation regarding a rail services contract pending before the United States District Court for the Eastern District of New York.  Pursuant to the rail services contract at issue, Emjay Environmental Recycling, Ltd. ("Emjay") agreed to tender specified loads of freight to two railroads, Norfolk and the New York

& Atlantic Railway ("NY & A"), on an annual basis, from 2006 through 2010.  Since Emjay

never met its annual commitment, Norfolk seeks liquidated damages under the contract.  Emjay's

counterclaim alleges that Norfolk and NY & A breached the contract by failing to provide an

adequate supply of railcars to move the freight.

     Norfolk and NY & A do not share a location where the railcars can transfer between

railroads.  Therefore, Norfolk would tender empty railcars to NYNJ at a New Jersey rail yard.

NYNJ would then put the railcars on a barge and send them across the Hudson River to a

Brooklyn, New York rail yard.  Finally, NYNJ would move the empty railcars to a rail

interchange facility where the NY & A could take possession of them for delivery to Emjay.

NYNJ is not a party to the pending action and is not a party to the contract at issue.  However,

the NY & A corporate designee testified that NYNJ acted as Norfolk's agent[1] and that problems

that arose with respect to providing Emjay with railcars resulted from the acts or omissions of

NYNJ.  NYNJ employs Christie as its General Manager for Operations.  Christie communicated

with Norfolk and NY & A concerning problems NYNJ encountered when facilitating the

movement of Emjay's railcars.  As such, Norfolk seeks to depose Christie to obtain information

regarding its claims and defenses.

     Port Authority and NYNJ argue that the subpoena served upon Christie should be

quashed.  They assert that the subpoena is onerous, burdensome and seeks information that is

either not available to NYNJ or that is already available to Norfolk on an electronic tracking

system.  In addition, they argue that compliance with the deposition subpoena would constitute

---

[1] Norfalk does not concede that an agency relationship existed.  (Movant's Br. 6.)

an unreasonable burden on Christie because his presence is required for the day-to-day

functioning of NYNJ.[2]

## II.   **Discussion**

Federal Rule of Civil Procedure 26 defines the methods, scope, limits and process of

discovery.  Rule 26(b)(1) provides that for good cause, the court may order discovery of any

matter relevant to the subject matter involved in the action.  As this Court has recognized,

"[c]ourts have construed this rule liberally, creating a broad vista for discovery 'to encompass

any matter that bears on, or that reasonably could lead to other matter that could bear on, any

issue that is or may be in the case.'"  *Tele-Radio Sys. Ltd. v. De Forest Elecs., Inc.*, 92 F.R.D.

371, 375 (D.N.J. 1981).  In interpreting Rule 26(b)(1), district courts must be mindful that

relevance is a broader inquiry at the discovery stage than at the trial stage.  *Nestle Foods Corp. v.

Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990).  "Relevant information need not be

admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of

admissible evidence."  Fed. R. Civ. P. 26(b)(1).

---

[2] Norfolk asserts that opposition was not filed in a timely manner with this Court and, as such, should not be considered.  Port Authority and NYNJ argue that the Court should grant an enlargement of time to file the cross motion.  Based on the factual circumstances and the limited access to electronic notification of Respondents' counsel, this Court finds it appropriate to consider the cross motion to quash the subpoena.  Thus, this Court grants the request for an enlargement of time to file the opposition.

Respondents argue that Norfolk should have sought the subpoena from the trial court since the trial court is in the best position to weigh the merits of the request, especially since the trial court is located within Rule 45's 100-mile bulge.  However, this Court finds it appropriate to decide the motion rather than delay the issue any further.

While broad, discovery is not boundless.  Rule 26(b)(2) vests the District Court with the authority to limit a party's pursuit of otherwise discoverable information.  The Third Circuit has recognized this power, stating that, "[a]lthough the scope of discovery under the Federal Rules is . . . broad, this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999).  Specifically, the rules provide that the frequency or extent of discovery otherwise permitted under the rules or by a local rule shall be limited by the Court if the discovery sought is unreasonably cumulative or can be obtained from a more convenient, less expensive or less burdensome source. Fed. R. Civ. P. 26(b)(2)(C)(i).  Discovery may also be limited if the "burden or the expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

While the duty to comply with a subpoena "may be 'onerous' at times, it is 'necessary to the administration of justice.'" *United States v. Dionisio*, 410 U.S. 1, 10 (1973) (quoting *Blair v. United States*, 250 U.S. 273, 281 (1919)).  Nonetheless, "[o]n timely motion, the issuing court must quash or modify a subpoena that subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv).  In a civil case, the burden is on the moving party to show that the subpoena *duces tecum* should be quashed or modified. *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996).  The court may consider the expense and inconvenience to the non-party. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

Based on the foregoing legal standard, this Court will address Respondents' arguments in turn.  Respondents first assert that because information concerning the transportation of train cars

4

is available via an electronic tracking system available to the public, any information that could be provided by Christie is attainable from other more readily available sources. (Respondents' Cross Motion ("Cross Mot.") 3.) However, it does not appear that the only information sought by Norfolk is that which is available through the electronic tracking system. Notably, Joel Torres, NY & A corporate designee, testified that NYNJ was the "'handling line' for Norfolk Southern . . . with respect to the railcars at issue . . . [and] to the extent that there were problems providing Emjay with a sufficient number of railcars, those problems resulted from the acts or omissions of NYNJ." (Movant's Br. 3.) In light of this testimony, any information NYNJ provides with regard to its operations could prove to be relevant to this case. Christie, in his "essential" position, is likely to have relevant knowledge and appears well-suited to speak about the operations that take place between New Jersey and New York that may not be readily ascertainable from the electronic tracking system.

Second, Respondents posit that it would be unreasonably burdensome for Christie to be compelled to comply with the deposition subpoena. Respondents note that Christie, as the General Manager for Operations for NYNJ, is an intricate part of NYNJ's daily operations. (Cross Mot. 1.) Furthermore, Respondents claim that substantial time and money would be lost if Christie is compelled to appear for deposition as he is the only local employee qualified to run the "lift bridge" necessary for the operations of NYNJ. (*Id.* at 3.)

On the other hand, Norfolk alleges that there is no substantial burden to Christie. (Movant's Br. 6.) Norfolk argues that any decrease in productivity or loss of resources is not Christie's burden, but rather, is NYNJ's burden. (*Id.*) Respondents acknowledge that the alleged burden would be to NYNJ and highlight the following:

5

> NYNJ 'stages' railroad cards [sic] so that they can be loaded onto a car float, which is
> then towed by McAllister Towing across the harbor to NYNJ rail on the other side.  Mr.
> Christie is the only NYNJ person in the area who is trained to operate the 'lift bridge'
> necessary to load rail cars onto the towing bridge.  If Mr. Christie is taken away from his
> job for deposition, NYNJ operations must cease.

(Cross Mot. 3.)  The Court has considered the facts as presented and its obligation under Rule

45(c)(3)(A)(iv) to "quash or modify a subpoena that subjects a person to undue burden."  This

Court agrees with Movant that it is not the deponent here who is burdened.  Rather, NYNJ would

be potentially burdened by Christie's deposition.  However, the Court does not find undue

burden under the facts of the present case.  The Court notes that NYNJ must take Christie's

potential absences into account as part of its normal business operations.  In addition, the Court is

confident that counsel can arrange Christie's deposition in such a way as to minimize the burden

to NYNJ.  The parties should consider "alternative" scheduling, such as a weekend deposition or

late afternoon/early evening deposition or a deposition to be completed in more than one sitting

(if necessary).  In addition, counsel should conduct Christie's deposition at NYNJ if it has the

proper facilities and offers to host the deposition.

## III.   Conclusion

For the reasons set forth above, this Court grants Norfolk's motion to compel.  However,

the Court instructs the parties to make their best efforts to conduct the deposition in a manner

that best accommodates the operations of NYNJ.  In addition, the deposition should be

completed by **August 26, 2010** due to the stage of litigation in the underlying action.

 s/ Michael A. Shipp
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**